IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
June 24, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

| | |
|---|---|
| LARRY GENE HARLESS, JR., | ) |
| Plaintiff, | ) Civil Action No. 7:23cv00610 |
| v. | ) **MEMORANDUM OPINION** |
| UNKNOWN, | ) By:   Hon. Thomas T. Cullen |
| | )        United States District Judge |
| Defendant. | ) |

Plaintiff Larry Gene Harless, Jr., a Virginia inmate proceeding *pro se,* filed this civil action under 42 U.S.C. § 1983 and seeks leave to proceed *in forma pauperis.* Harless's original complaint named only the Southwest Virginia Regional Jail as a defendant. (*See* ECF No. 1.) The court conditionally filed Harless's complaint, advised him that it failed to state a viable § 1983 claim against the named defendant, and gave him the opportunity to file an amended complaint. (*See* ECF No. 9.) Harless filed an amended complaint naming multiple defendants (ECF No. 12), and then filed four motions to amend his amended complaint (ECF Nos. 16, 17, 20, & 23). By Order entered on April 23, 2024, the court denied Harless's motions to amend due to his attempts to construct his complaint piecemeal in violation of the Federal Rules of Civil Procedure, advised him that his amended complaint failed to state a cognizable § 1983 claim against the named defendants, and gave Harless the opportunity to file a second amended complaint. (*See* ECF No. 24.) The court advised Harless that the amendment must be a new pleading that "stands by itself without reference to a complaint, attachments, documents, or amendments already filed," must "clearly state the name of each defendant and clearly explain how each defendant violated Harless's federal rights," and that the amendment

- 2 -

would "replace his amended complaint and all amendments" to "constitute the sole complaint in this action." (*Id.* at 2.) Harless filed a second amended complaint, but did not name any defendant. (*See* ECF No. 25.)

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a *person* acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988) (emphasis added). Despite being given the opportunity to amend his complaint multiple times, Harless has not named a defendant in his second amended complaint, or even alleged any fact against any person. Therefore, the court concludes that Harless has failed to state a cognizable § 1983 claim.

For the reasons stated, the court will dismiss this action without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim. The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to Harless.

**ENTERED** this 24th day of June, 2024.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE